448 F.3d 176
 Raphael BIGIO, Bahia Bigio, Ferial Salma Bigio, and B. Bigio & Co., Plaintiffs-Appellants,
v.
The COCA-COLA COMPANY and The Coca-Cola Export Corporation, Defendants-Appellees.
Docket No. 05-2426-CV.
 United States Court of Appeals, Second Circuit.
 Argued: March 16, 2006.
 Decided: May 9, 2006.
 
 Nathan Lewin, Lewin & Lewin, LLP, Washington, DC (Alyza D. Lewin, Washington, DC, on the brief), for Plaintiffs-Appellants.
 William M. Dreyer, Atlanta, GA (Paul A. Straus, King & Spalding, LLP, New York, NY, on the brief), for Defendants-Appellees.
 Before: JACOBS and LEVAL, Circuit Judges, and RAKOFF, District Judge.*
 RAKOFF, District Judge.
 Plaintiffs — three members of the Bigio family and a company they control (collectively, the "Bigios") — appeal from the dismissal of their suit against the Coca-Cola Company and its wholly owned subsidiary (collectively, "Coca-Cola"). When this case was previously before this Court, see Bigio v. Coca-Cola Co., 239 F.3d 440 (2d Cir.2000), the pertinent allegations were stated in some detail, so here they may be stated briefly. The Bigios had large commercial holdings in Egypt that were wrongfully seized during the Nasser regime because the Bigio family was Jewish. The Bigio family then fled to Canada, but, after Nasser died, the Egyptian Government ordered the property returned to the Bigios. However, the state-owned entity then holding the property refused to comply and, instead, sold or, according to defendants, leased the bottling plant here in issue to a joint venture in which a substantial interest was purchased by the Bigios' former tenant, Coca-Cola, which rejected the Bigios' claims to ownership. Unable to obtain relief in the Egyptian courts, the Bigios brought suit in the United States against Coca-Cola for violation of the Alien Tort Claims Act and for common law claims such as conversion.
 In our previous decision, we affirmed the district court's dismissal of the claim under the Alien Tort Claims Act but reversed its dismissal of the common law claims pursuant to the "Act-of-State" doctrine. We found the Act-of-State doctrine inapplicable because "the resolution of this case by United States courts will not likely impact on international relations or embarrass or hinder the executive in the realm of foreign relations." Bigio, 239 F.3d at 452 (internal quotation marks omitted). On remand, the district court again dismissed the remaining claims, this time on the ground of international comity or, in the alternative, on the ground of forum non conveniens. Bigio v. Coca-Cola Co., No. 97 Civ. 2858, 2005 WL 287397, 2005 U.S. Dist. LEXIS 1587 (S.D.N.Y. Feb. 3, 2005). Plaintiffs appeal from that decision.
 As to international comity, while application of this doctrine ordinarily lies within the discretion of the district court, in this instance no such deference is appropriate because the district court applied the wrong legal standard. Specifically, the district court applied the seven-factor test articulated in Timberlane Lumber Co. v. Bank of Am. Nat'l Trust & Savings Ass'n, 749 F.2d 1378 (9th Cir.1984). That test is used to determine whether a court should apply United States law extraterritorially, see O.N.E. Shipping, Ltd. v. Flota Mercante Grancolombiana, S.A., 830 F.2d 449 (2d Cir.1987), but that is not in issue here. Rather, the only issue of international comity properly raised here is whether adjudication of this case by a United States court would offend "amicable working relationships" with Egypt. JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V., 412 F.3d 418, 423 (2d Cir. 2005). Cf. In re Maxwell Comm. Corp., 93 F.3d 1036, 1047 (2d Cir.1996) ("We realize that 'international comity' may describe two distinct doctrines: as a canon of construction, it might shorten the reach of a statute; second, it may be viewed as a discretionary act of deference by a national court to decline to exercise jurisdiction in a case properly adjudicated in a foreign state, the so-called comity among courts."). See generally Hilton v. Guyot, 159 U.S. 113, 163-64, 16 S.Ct. 139, 40 L.Ed. 95 (1895).
 Throughout the long pendency of this lawsuit, the Government of Egypt has never raised the slightest objection to adjudication of the instant controversy by United States courts. Cf. Jota v. Texaco Inc., 157 F.3d 153, 157 (2d Cir.1998). Moreover, this Court has already determined that resolution of this case by United States courts will "not likely impact on international relations" with Egypt. Bigio, 239 F.3d at 452 (internal quotation marks omitted). In its present posture, this is a common law suit for damages primarily between Canadian citizens and a United States company,[1] which may likely focus on what Coca-Cola knew about the Bigios' ownership rights before it acquired its present interest in the Egyptian bottling plant. While adjudication of plaintiffs' common law claims may also require some modest application of Egyptian law, see Bigio, 239 F.3d at 454, the courts of this Circuit are regularly called upon to interpret foreign law without thereby offending principles of international comity. See, e.g., United States v. Schultz, 333 F.3d 393 (2d Cir.2003) (Egyptian law); Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara ("Pertamina"), 313 F.3d 70 (2d Cir.2002) (Indonesian law); cf. First Am. Corp. v. Price Waterhouse LLP, 154 F.3d 16, 22 (2d Cir. 1998).
 As for forum non conveniens, the issue, once again, is not whether the district court abused its broad discretion, but whether it misapprehended or misapplied the relevant legal standards. See Iragorri v. United Techs. Corp., 274 F.3d 65, 72 (2d Cir.2001) (en banc) ("In our recent cases, we vacated dismissals for forum non conveniens because we believed that the district courts had misapplied the basic rules ...."). Here, the district court, while reciting the principle that even a foreign plaintiff's decision to sue in a U.S. forum is entitled to some weight, Bigio, 2005 WL 287397 at * 4-5, 2005 U.S. Dist. LEXIS 1587, at *12, appears, so far as its discussion of the balance of conveniences is concerned, to have given the plaintiffs' choice of forum no weight whatsoever, id. 2005 WL 287397 at * 5-6, at *14-17. But as we emphasized in our en banc decision in Iragorri, the more that a plaintiff, even a foreign plaintiff, chooses to sue in a United States court for "legitimate reasons," the more deference must be given to that choice. Iragorri, 274 F.3d at 73. Furthermore, even where the degree of deference is reduced, "[t]he action should be dismissed only if the chosen forum is shown to be genuinely inconvenient and the selected forum significantly preferable." Id. at 74-75.
 Here, the district court appears to have overlooked the legitimate and substantial reasons for plaintiffs choosing to bring this suit in defendants' own country, the United States, rather than in Egypt, after plaintiffs' efforts to seek relief from the Egyptian authorities proved abortive. It was perfectly reasonable under these circumstances for the plaintiffs to bring their action against Coca-Cola, the only U.S. company involved, in the United States. While conceivably they might have brought it in Canada (their home base) or in a different district of the United States, those possibilities are not determinative here, for the motion that the district court granted was a motion to dismiss in favor of the courts of Egypt and the only comparison it made was between the U.S. forum and the Egyptian forum. Given the history outlined above, the plaintiffs' choice of the U.S. forum over an Egyptian forum was eminently reasonable and entitled to considerable deference, which the district court failed to give.
 Furthermore, counsel suggest that a major focus of the litigation may be whether Coca-Cola knew before it purchased its interest in the joint venture that owns or (defendants say) leases the bottling plant that the plant had been ordered to be returned to the Bigios. The key witnesses to this issue either reside in the United States or Canada or are readily producible here; and to the extent there are witnesses abroad who are beyond the court's subpoena power, their testimony can be provided by depositions taken pursuant to letters rogatory. See, e.g., Overseas Programming Companies v. Cinematographische Commerz-Anstalt, 684 F.2d 232, 235 (2d Cir.1982). Likewise, the parties and their attorneys are all located in the United States or Canada. More generally, it cannot be said that there are private inconveniences present here that outweigh the deference that the district court should have accorded plaintiffs' choice of forum.
 Likewise, in evaluating the "public interest" factors of inconvenience, Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the district court again failed to take account of the deference due the plaintiffs' legitimate choice of forum. Relatedly, the district court stated that "Egypt's interest in deciding this controversy is significant," Bigio, 2005 WL 287397 at * 5-6, 2005 U.S. Dist. LEXIS 1587, at *17, whereas the suit is primarily over whether a United States company should be liable in damages. And, as noted, Egypt has never raised any objection to the U.S. court deciding this case.
 Upon careful review of the record, we are convinced that none of the alleged private or public inconveniences referenced by the district court overcomes the preference reasonably here accorded plaintiffs in their choice of a U.S. forum and that the dismissal of this case on grounds of international comity and forum non conveniens was therefore erroneous as a matter of law. See generally Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88 (2d Cir. 2000). Accordingly, we reverse and remand to the district court for further proceedings consistent with this opinion.
 
 
 Notes:
 
 
 *
 The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation
 
 
 [1]
 Whether one or more Egyptian entities are indispensable parties to this lawsuit remains for the district court to determine in the first instanceBigio, 239 F.3d at 455.
 
 
 LEVAL, J., dissenting in part.
 
 
 1
 I agree with the majority opinion that the district court applied the wrong test to determine whether the doctrine of forum non conveniens calls for dismissal of the case. In my view, however, the proper outcome of this complex question upon application of the correct test is not clear, and may involve discretionary findings on disputed facts. See Iragorri v. United Technologies Corp., 274 F.3d 65, 72 (2d Cir.2001) (en banc) (noting, for example, that plaintiffs' choice of forum is entitled to greater deference when the choice is motivated by convenience and less deference when motivated by forum-shopping reasons, listing relevant factors). It should be resolved in the first instance by the district court. I would have vacated the judgment and remanded for reconsideration under the proper test.