Alison **FOURNIER**, Plaintiff,

v.

**STARWOOD HOTELS & RESORTS WORLDWIDE, INC.,**
Defendant.

No. 12 Civ. 143 (NRB).

United States District Court,
S.D. New York.

Dec. 12, 2012.

Mariann Meier Wang, Esq., Julie Beth Ehrlich, Esq., Cuti Hecker Wang LLP, New York, NY, Gloria Allred, Esq., Nathan Goldberg, Esq., Allred, Maroko & Goldberg, Los Angeles, CA, for Plaintiff.

James Patrick Connors, Esq., Richard C. Imbrogno, Esq., Daniel Wayne Levin, Esq., Jones Hirsch Connors & Bull P.C., New York, NY, for Defendant.

## MEMORANDUM AND ORDER

NAOMI REICE BUCHWALD, District Judge.

Alison Fournier ("Fournier") commenced this diversity action against Starwood Hotels & Resorts Worldwide, Inc. ("Starwood" or the "Company") after a fellow guest of Hotel Kämp in Helsinki, Finland allegedly assaulted her. In the instant motion, Starwood seeks to dismiss this action on the basis of *forum non conveniens*. For the reasons set forth below, we deny Starwood's motion.

## *BACKGROUND*[1]

Fournier is a former vice president of an investment banking firm in New York City. (Compl. ¶ 9.) In January 2011, Fournier stayed at Hotel Kämp during a business trip to Finland. (*Id.* ¶¶ 10, 38.) Hotel Kämp is a member of Starwood's Luxury Collection brand. (*Id.* ¶ 18.) However, Starwood does not own or operate the hotel.[2] (Marshall Aff. ¶ 3.)

Fournier alleges that, during the early morning of January 15, 2011, a "visibly intoxicated" man approached Hotel

---

1. The factual background is derived from the Amended Complaint ("Compl."), filed February 2, 2012; the Affidavit of David Marshall in Support of Defendant's Motion to Dismiss ("Marshall Aff."), filed May 4, 2012, and the exhibits attached thereto; and the Declaration of Julie B. Ehrlich in Opposition to Defendant's Motion to Dismiss, filed May 29, 2012, and the exhibits attached thereto. For purposes of the instant motion, we accept the facts alleged in the Amended Complaint as true. *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 697 (2d Cir.2009). In addition, we consider the Marshall and Ehrlich Declarations, as we are entitled to do. *Id.* n. 1.

2. Hotel Kämp is owned and operated by Palace Hotellit Oy, a company registered under the laws of Finland, with its principal place of business in Helsinki. (Marshall Aff. ¶ 3.) Hotel Kämp is a member of Starwood's Luxury Collection brand pursuant to a License Agreement between Palace Hotellit Oy and Starwood EAME License and Services Company BVBA ("Starwood Belgium"). (*Id.*) Although the License Agreement was initially between Palace Hotellit Oy and Sheraton International, Inc. ("Sheraton"), Sheraton assigned its rights and duties under the License Agreement to Starwood Belgium pursuant to an Assignment and Assumption Agreement dated April 1, 2008. (*Id.* ¶¶ 3–4.)

Kämp's front desk, falsely claimed that he was Fournier's husband, and requested—and promptly received—a key to Fournier's room. (Compl. ¶¶ 46–47.) Fournier claims that the man proceeded to enter her room, where he sexually assaulted her. (*Id.* ¶ 42.) After the alleged incident, Fournier resigned from the investment banking firm and relocated to Florida. (*Id.* ¶¶ 6, 54.)

Fournier now seeks damages against Starwood, a Maryland corporation with its principal place of business in Stamford, Connecticut, for negligence and negligent infliction of emotional distress. (*Id.* ¶¶ 2, 55–70.) Fournier asserts these claims under a theory of agency liability. (*Id.* ¶¶ 17–30, 52.) According to Fournier, Hotel Kämp is "an apparent agent of Starwood" because it "is heavily marketed and branded as a Starwood hotel." (*Id.* ¶ 60.)

Starwood maintains that this action would be more appropriately litigated in Finland. Thus, Starwood seeks dismissal of Fournier's complaint under the doctrine of *forum non conveniens.*

### *DISCUSSION*

"The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Norex Petroleum Ltd. v. Access Indus., Inc.,* 416 F.3d 146, 153 (2d Cir.2005) (internal quotation marks omitted). In determining whether dismissal on *forum non conveniens* grounds is appropriate, a district court applies a three-step test. *Abdullahi v. Pfizer, Inc.,* 562 F.3d 163, 189 (2d Cir.2009). First, the court "determines the degree of deference properly accorded the plaintiff's choice of forum"; second, it "considers whether the alternative forum proposed by the defendant[ ] is adequate to adjudicate the parties' dispute"; third, it "balances the pri-

vate and public interests implicated in the choice of forum." *Norex,* 416 F.3d at 153.

### I. *Degree of Deference*

At step one, the plaintiff enjoys a "strong presumption" in favor of her chosen forum. *Norex,* 416 F.3d at 154 (internal quotation marks omitted); *see also Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). Therefore, when making its deference determination, a court must "begin with the assumption that a plaintiff's choice of forum will stand unless the defendant can demonstrate that reasons exist to afford it less deference." *DiRienzo v. Philip Servs. Corp.,* 294 F.3d 21, 28 (2d Cir.2002); *see also Iragorri v. United Techs. Corp.,* 274 F.3d 65, 75 (2d Cir.2001) (en banc) (noting that district courts should "arm themselves with an appropriate degree of skepticism in assessing whether the defendant has demonstrated genuine inconvenience and a clear preferability of the foreign forum").

A U.S. citizen's decision to file suit in her "home district" generally merits "the greatest deference," while a foreign plaintiff's choice of a U.S. forum is entitled to "less deference." *Id.* However, these are not "abrupt or arbitrary" rules, *Iragorri,* 274 F.3d at 71–72, and the appropriate degree of deference moves along a "flexible sliding scale" depending on several relevant factors, *Norex,* 416 F.3d at 154. The more it appears that the plaintiff selected the forum for "legitimate reasons," the more deference that choice commands. *Bigio v. Coca–Cola Co.,* 448 F.3d 176, 179 (2d Cir.2006) (internal quotation marks omitted). Therefore, "the greater the plaintiff's or the lawsuit's bona fide connection" to the chosen forum, "the more difficult it will be for the defendant to gain

dismissal for *forum non conveniens.*"[3] *Norex,* 416 F.3d at 154 (quoting *Iragorri,* 274 F.3d at 72). Conversely, where it appears that the plaintiff selected the forum for "forum-shopping reasons," dismissal is more likely appropriate.[4] *Id.* (quoting *Iragorri,* 274 F.3d at 72).

■ Here, Fournier's forum choice is entitled to deference. Although we may question Fournier's reasons for filing suit against Starwood, but not Hotel Kämp, the fact remains that Fournier is the master of her complaint, and her decision to pursue claims against an American corporation under a theory of agency liability impacts our evaluation of how much deference her forum choice commands. In light of the pleadings, we find that genuine considerations of convenience support Fournier's choice of a New York forum.[5] As discussed *infra,* the evidence and witnesses that will resolve the dispositive issue in this case—namely, whether Hotel Kämp acted as Starwood's apparent agent—exist not in Finland, but within this Court's subpoena power. Furthermore, Starwood is amenable to suit in this District, and Fournier's residence in Florida is closer to New York than to Finland. Starwood does not contend that forum shopping motivated Fournier's forum choice vis-à-vis

the claims and theory of liability that she actually pursues. Therefore, we determine that Fournier's decision to file suit in this District merits deference.

## II. *Adequate Alternative Forum*

■ At step two, the movant "must demonstrate the availability of an adequate alternative forum." *Norex,* 416 F.3d at 157; *see also Abdullahi,* 562 F.3d at 189. An alternative forum is adequate if (1) "the defendants are amenable to service of process there" and (2) "it permits litigation of the subject matter of the dispute." *Figueiredo Ferraz E Engenharia de Projeto Ltda. v. Republic of Peru,* 665 F.3d 384 (2d Cir.2011) (internal quotation marks omitted).

Although Starwood has consented to personal jurisdiction in Finland, it has failed to demonstrate that a Finnish court would permit Fournier to litigate the issue of agency liability. *Cf. Ramírez de Arellano v. Starwood Hotels & Resorts Worldwide, Inc.,* 448 F.Supp.2d 520, 528 (S.D.N.Y.2006) (noting that "issues of corporate law and vicarious liability" are "uniquely American"). Ultimately, however, the Court need not determine whether Finland provides an adequate alternative

3. Factors that suggest the existence of a bona fide connection between the plaintiff and/or lawsuit and the chosen forum include "the convenience of the plaintiff's residence in relation to the chosen forum, the availability of witnesses or evidence to the forum district, the defendant's amenability to suit in the forum district, the availability of appropriate legal assistance, and other reasons relating to convenience or expense." *Iragorri,* 274 F.3d at 72; *see also Norex,* 416 F.3d at 155.

4. Circumstances that are generally indicative of forum shopping include "attempts to win a tactical advantage resulting from local laws that favor the plaintiff's case, the habitual generosity of juries in the United States or in the forum district, the plaintiff's popularity or

the defendant's unpopularity in the region, [and] the inconvenience and expense to the defendant resulting from litigation in that forum." *Iragorri,* 274 F.3d at 72; *see also Norex,* 416 F.3d at 155.

5. Contrary to Starwood's contention, Fournier has effectively chosen her "home forum," despite the fact that she currently resides in Florida. *See, e.g., Bohn v. Bartels,* 620 F.Supp.2d 418, 429 (S.D.N.Y.2007) (noting that a U.S. citizen's "home forum" is any federal district in the United States when the alternative forum is outside the country). In any event, Fournier has strong connections to this District: she lived, worked, and sought medical treatment in New York City at the time of the alleged assault.

forum, because, even if it does, the private and public interest factors tip decisively in Fournier's favor.

## III. *Balance of Private and Public Interests*

At the final step of the inquiry, the movant must establish that a balancing of the "private and public interest factors tilts heavily in favor of the alternative forum." *Abdullahi*, 562 F.3d at 189. In this case, Starwood has failed to carry that burden.

### A. Private Interest Factors

 "The private interest factors include: (1) the relative ease of access to evidence; (2) the cost to transport witnesses to trial; (3) the availability of compulsory process for unwilling witnesses; and (4) other factors that make the trial more expeditious or less expensive." *Erausquin v. Notz, Stucki Mgmt. (Berm.) Ltd.*, 806 F.Supp.2d 712, 726–27 (S.D.N.Y. 2011). In analyzing these factors, "the court should focus on the precise issues that are likely to be actually tried." *Iragorri*, 274 F.3d at 74.

Here, the private interest factors weigh heavily in Fournier's favor. The threshold issue in this case is whether Hotel Kämp was acting as Starwood's apparent agent when it engaged in the acts (or omissions) that resulted in Fournier's alleged injury.[6] Assuming, *arguendo*, that American law will govern this question (*see infra* Section III(B)), Fournier will bear the burden of establishing that Starwood's conduct reasonably led her to believe that Hotel Kämp was authorized to act on the Company's behalf. *See, e.g.*, Restatement (Third) of Agency § 7.08 cmt. b (2006) ("[A]pparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and is *traceable to a manifestation made by the principal*.") (emphasis added); *see also Meisel v. Grunberg*, 651 F.Supp.2d 98, 110 (S.D.N.Y. 2009) (noting that, under federal common law, apparent agency "cannot be established by the actions or representations of the agent").

The sources of proof relevant to this question (*e.g.*, evidence concerning Starwood's branding and marketing practices) exist not in Finland, but in Stamford, Connecticut, where the Company maintains its principal place of business. The decisive majority of witnesses are also located in the United States. Of the eleven witnesses that Starwood identified in its initial disclosures, seven are in the United States and five are within this Court's 100–mile power to compel attendance, including witnesses that Starwood does not control and thus could not compel to appear in a Finnish forum. The vast majority of Fournier's identified witnesses, including two treating mental health professionals and several former coworkers, are also located in New York. Together, these considerations clearly favor retention.

### B. Public Interest Factors

 "The public interest factors include: (1) settling local disputes in a local forum; (2) avoiding the difficulties of applying foreign law; and (3) avoiding the burden on jurors by having them decide cases that have no impact on their community." *Erausquin*, 806 F.Supp.2d at 727.

---

6. In response to our request, Fournier sent a letter to this Court on November 15, 2012, confirming that apparent agency is her sole theory of liability. We do not anticipate that Fournier will assert additional bases for liability. However, to the extent that she may try to do so, a renewed motion to dismiss on *forum non conveniens* grounds might well be appropriate.

These factors weigh in Fournier's favor. As noted *supra,* the key dispute at this stage of the litigation does not focus on the alleged assault in Finland, but rather on the unique issue of whether a U.S. citizen may hold an American company vicariously liable for the actions of a foreign entity operating under the American company's brand. There can be little doubt that U.S. courts and jurors would have a greater interest in this question than their Finnish counterparts. *Cf. Ramírez de Arellano,* 448 F.Supp.2d at 530–31 (noting that "the United States, having created the corporation as a legal person and having endowed it with the ability to limit its liability for the acts and omissions of its subsidiaries and contractors, has a greater local interest in litigating issues relating to the propriety of naming Starwood as a defendant" than does the forum where the underlying tort allegedly occurred).

■ With respect to choice of law, it seems possible, if not probable, that U.S. law will govern the question of Starwood's vicarious liability.[7] *See Niv. v. Hilton Hotels Corp.,* 710 F.Supp.2d 328, 346 (S.D.N.Y.2008) (noting that, on a motion to dismiss for *forum non conveniens,* a court "is not required to decide the issue of conflict of law," but must nonetheless consider it). To the extent that an actual conflict arose, this Court would apply New York's choice-of-law rules. *See Forest Park Pictures v. Universal Television Network, Inc.,* 683 F.3d 424, 433 (2d Cir. 2012). Under those rules, the three-prong framework set forth in *Neumeier v. Kuehner,* 31 N.Y.2d 121, 335 N.Y.S.2d 64, 286 N.E.2d 454 (1972), would apply. *See, e.g., GlobalNet Financial.Com, Inc. v. Frank Crystal & Co., Inc.,* 449 F.3d 377, 384 (2d

Cir.2006) (stating that vicarious liability rules are loss-allocating).

Here, the third *Neumeier* rule would govern, because the parties are domiciled in different states, and neither party is a domiciliary of Finland, where the tort allegedly occurred. *See Edwards v. Erie Coach Lines Co.,* 17 N.Y.3d 306, 929 N.Y.S.2d 41, 952 N.E.2d 1033, 1037 (2011). In such circumstances, the law of Finland typically would apply. *Id.* However, in cases involving loss-allocating rules, New York courts generally recognize that the locus jurisdiction "has at best a minimal interest in determining the right of recovery." *Dargahi v. Honda Lease Trust,* 370 Fed.Appx. 172, 174 (2d Cir.2010) (internal quotation marks omitted); *see also O'Brien v. Marriot Int'l, Inc.,* No. 04 Civ. 3369(WP), 2006 WL 1806567, at *4 (E.D.N.Y. June 29, 2006) (collecting cases). Therefore, we would likely apply U.S. law to the dispositive issue in this case, confirming our conclusion that the public interest factors favor retention.

### CONCLUSION

In sum, Fournier's forum choice commands deference, and the private and public interest factors weigh heavily in her favor. Therefore, the motion (docket no. 18) is denied.

■

---

7. Under New York law, "an attempt to use agency principles to hold a party liable for the tort of another is properly characterized as a

question of vicarious liability." *Presbyterian Church of Sudan v. Talisman Energy, Inc.,* 453 F.Supp.2d 633, 688 n. 109 (S.D.N.Y.2006).